IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| PAUL EGGERDING, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | Case No.: | FILED: MAY 16, 2008 |
| | ) | | 08CV2858 |
| VILLAGE OF STONE PARK, | ) | | JUDGE COAR |
| ILLINOIS, a Municipal | ) | | MAGISTRATE JUDGE COX |
| Corporation, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**COMPLAINT FOR DECLARATORY
JUDGMENT, COMPENSATION UNDER THE FAIR
LABOR STANDARDS ACT, AND OTHER RELIEF**

NOW COMES, the Plaintiff, Paul Eggerding, by counsel, Richard J. Reimer & Associates LLC, complaining of the Defendant, Village of Stone Park, Illinois as follows:

1. The Plaintiff is a former employee of the Defendant, Village of Stone Park, Illinois, and he brings this action for a declaratory judgment under 28 U.S.C. §§2201, and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1337. Venue lies within this district pursuant to 28 U.S.C. §1391.

## **PARTIES**

3. Plaintiff, Paul Eggerding, is a citizen of the United States, residing in this judicial district, and he has been an employee of the Defendant, Village of Stone Park, Illinois, at times material herein. The person who is a plaintiff in this action was employed as a "part-time" firefighter for the Defendant.

4. The defendant is an "employer" within 29 U.S.C.§203(d). Since April 15, 1986, Defendant has been aware of the provisions of the Fair Labor Standards Act as amended, 29 U.S.C. §201 et seq. (hereafter referred to as "FLSA").

## **CLAIMS**

5. At all times material herein, the Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201, et seq.

6. At all times material herein, the Plaintiff has worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. §207. As a result, at all times herein, Plaintiff has been entitled to overtime compensation at a rate of not less than one and one-half times his regular rate of pay for the hours of overtime he has worked.

7. 29 U.S.C. §207(a)(1) provides that employees shall be paid overtime compensation as a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek. Since April 1, 2005, the Defendant has violated and is continuing to violate, 29 U.S.C. §207 (a)(1) by failing and refusing to compensate plaintiffs for their hours of work in excess of

40 hours per workweek at a rate of not less than one and one-half times the regular rate at which the Plaintiff is employed.

8. The Defendant's violations of the FLSA as alleged herein have been done in a willful, unreasonable, and bad faith manner.

9. As a result of the aforesaid will violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

10. The employment and work records for the plaintiff is in the exclusive possession, custody, and control of the Defendant, and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. The Defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amounts of Defendant's liability can be ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a) Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated its statutory and legal obligations, and deprived the Plaintiffs of his rights, protections and entitlements under federal law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiff is entitled;

(c) Award the Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post-judgment interest;

(d) Award Plaintiff reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

                Respectfully submitted,

                */S Richard J. Reimer*
                Attorney for Plaintiff

RICHARD J. REIMER & ASSOCIATES
15 Spinning Wheel Road, Suite 310
Hinsdale, Illinois 60521
Phone: (630) 654-9547
Fax: (630) 654-9676
kkarlson@rjrlaborlaw.com

4

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

*/S Richard J. Reimer*
Attorney for Plaintiff

RICHARD J. REIMER & ASSOCIATES
15 Spinning Wheel Road, Suite 310
Hinsdale, Illinois 60521
Phone: (630) 654-9547
Fax: (630) 654-9676
kkarlson@rjrlaborlaw.com